IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD AARON FOSTER, SR., | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-16-3185 |
| TINA STUMP, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Donald Foster, Sr.'s Petition for Writ of Habeas Corpus challenging his confinement. Although the Petition is filed on a court-approved form for seeking relief pursuant to 28 U.S.C. §2254, the court deems the case more properly treated as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 because it challenges the execution of Foster's sentence.[1] Respondents Tina Stump, Warden at the Maryland Reception, Diagnostic and Classification Center and Brian E. Frosh, Attorney General of Maryland, by their counsel, have filed an Answer seeking dismissal of the Petition for lack of exhaustion.[2] The case is ripe for disposition and no hearing is required. *See* Local Rule 105.6 (D. Md. 2016). Upon review of the pleadings and applicable law, the court will dismiss the Petition without prejudice for lack of exhaustion and will decline to issue a certificate of appealability.

**Background**

On December 11, 2014, Foster was sentenced in the Circuit Court for Baltimore City to

---

[1] A § 2241 petition attacks the manner in which a sentence is executed. *See* U.S.C. § 2241(a). In contrast, a petition filed pursuant to 28 U.S.C. § 2254 is used by an individual seeking to attack the validity of his or her judgment of conviction.

[2] Foster was granted twenty-eight days to file a Reply to the Answer. He has not done so. ECF 7.

1

five years of incarceration, all but two years suspended, and three years of probation, beginning on March 27, 2014, for possession with intent to distribute heroin in Case No. 114107026. The maximum expiration date of this term of confinement was March 27, 2019. ECF 1, 2. On January 23, 2015, the Circuit Court for Baltimore City committed Foster to the custody of the Commissioner of Correction for a period of three years because Foster violated his probation with respect to a count in a previous case, Case No. 106118029. The court directed this new three-year sentence to run "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences." ECF 6-3. The court also committed Foster to serve three year sentences on five other counts in Case No. 1106118029 as well as Case No. 106118030. These five sentences were to run concurrently with the three-year sentence in count 1 of Case No. 106118029. Thus, the maximum expiration date on Foster's confinement was adjusted outward by three years from March 27, 2019 to March 27, 2022. ECF 6-2.

On July 12, 2016, Foster came before the Circuit Court for Baltimore City for a review hearing. The Court modified Petitioner's sentence in Case No. 114107026 to 2 years, 3 months, and 15 days, or the time he had already served on the sentence. ECF 6-4. As a result, the expiration date on the sentence related to Case No. 114107026 was modified to July 12, 2016. However, the court's modification did not alter Foster's three-year sentence with respect to Case No. 106118029. Because that sentence is a consecutive sentence, it began to run upon the expiration of Foster's previous sentence, i.e., on July 12, 2016. As a result, the maximum expiration date of Petitioner's term of confinement is now July 12, 2019.

Foster claims that he is entitled to immediate release from incarceration because of the circuit court's July 12, 2016, time-served sentence modification in Case No. 114107026. Foster claims the Division of Correction ("DOC") refuses to "suspend" this sentence and "release" him.

ECF 1.

In his reply to Respondents' answer, *see* ECF 9, Foster alleges that he filed an ARP complaint on August 1, 2016. After receiving no response, he filed an appeal to the Commissioner of Correction on September 12, 2016. The Commissioner returned his appeal because a response to the complaint must be filed before noting an appeal. Foster filed another ARP complaint on October 15, 2016 after being transferred to the Dorsey Run Correctional Facility. He received a response and appealed the decision on November 27, 2016 but as of December 26, 2016, Foster had not received a response to this appeal.

**Analysis**

The federal habeas statute requires state prisoners challenging their convictions and sentences in federal court to first exhaust available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rules Governing Section 2254 Cases in the United States District Courts*, Rule 1(b) (applying the rules to habeas petitions filed under 28 U.S.C. § 2241). Absent valid excuse, a state prisoner seeking federal habeas corpus relief must first present each of his claims to the state court with jurisdiction to consider them. *Gray v. Netherland*, 518 U.S. 152, 161–65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). For a state prisoner to satisfy the exhaustion requirement, he or she must "fairly present" the "claim in each appropriate state court . . . ." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see Gray*, 518 U.S. at 162–63; *Duncan v. Henry*, 513 U.S. 364, 364–66 (1995) (per curiam ); *Satcher v. Pruett*, 126 F.3d 561, 573 (4th Cir. 1997).

Where, as here, a prisoner challenges the DOC's calculation of his sentence, the prisoner maintains two possible avenues for relief in the state courts. First, regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and or diminution credits through administrative proceedings by first filing a request

under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.*, to the warden of the institution where he is confined. If the request is denied, the prisoner must appeal a denial of the request by the warden to the Commissioner. If unsuccessful, the prisoner must next file a complaint with the Inmate Grievance Office, ("IGO"). If that is denied, the prisoner must appeal a final decision of the IGO to the Circuit Court, and if necessary, file an application for leave to appeal to the Court of Special Appeals of Maryland from the decision of the Circuit Court. If the Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland.

An inmate claiming an entitlement to an immediate release alternatively may seek relief bypassing the above-described administrative remedies and proceeding directly to the state courts by filing a petition for writ of habeas corpus in a Circuit Court. If unsuccessful, the prisoner may appeal the Circuit Court decision to the Court of Special Appeals and thereafter may seek permission for further review from the Court of Appeals.  Following exhaustion of these state court remedies under either avenue, the prisoner may seek habeas corpus relief for constitutional claims in federal court pursuant to 28 U.S.C. § 2241, using forms available from the Clerk of Court.

Foster alleges that he has attempted to seek relief through the administrative process by filing an ARP complaint on two separate occasions. He claims his efforts have been blocked, however, because his complaints and appeals have been ignored. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). But even if this were the case, Foster offers no evidence that he has also exhausted his judicial

remedies by filing a habeas corpus request in state court. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (both the operative facts and controlling legal principles of the claim must be presented in the state courts); *Caldwell v. Maryland*, No. GLR-14-1924, 2014 WL 7185297, at *1 (D. Md. Dec. 15, 2014) (noting that the exhaustion requirement of 28 U.S.C. § 2254(b) applies to petitions filed pursuant to § 2241). Accordingly, Foster's case will be dismissed without prejudice for failure to exhaust available state remedies.

## CERTIFICATE OF APPEALABILTY

A petitioner has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Foster has failed to demonstrate entitlement to a COA in this case.

## CONCLUSION

For these reasons, the Petition will be dismissed without prejudice for failure to exhaust state remedies and a COA shall not issue. A separate Order follows.

1/31/2017                                                                /S/
Date                                                                  Paula Xinis
                                                                      United States District Judge